UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jose Omar CENTENO ZELEDON,
Petitioner,

v.

MARKWAYNE MULLIN, Secretary
U.S. Department of Homeland Security;
ROBERT LYNCH, Field Office Director,
Immigration and Customs Enforcement,
Respondents.

Case No.

---

# PETITION FOR WRIT OF HABEAS CORPUS

## Preliminary statement

1. **Nature of action.** Petitioner is an "arriving alien" who presented for inspection and was processed into the United States after using the CBP One ("CBP-1") application to obtain an appointment at a port of entry. Petitioner is currently detained by the Department of Homeland Security ("DHS") / U.S. Immigration and Customs Enforcement ("ICE") within the Western District of Michigan.
2. **Core issue.** DHS and/or the immigration court have treated Petitioner as categorically ineligible for release on bond based on statutory and regulatory provisions enacted or implemented after the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") that restrict bond for "arriving aliens."
3. **Relief sought.** Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering Respondents to provide an individualized custody determination that includes consideration of release on bond (or, in the alternative, parole or other conditions of release), and declaring that

categorical denial of bond eligibility for CBP-1 "arriving aliens" violates the Immigration and Nationality Act ("INA"), the Due Process Clause, and the Suspension Clause as applied here.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2241, Petitioner is in custody under the authority of the United States, and his detention violates the Constitution, laws, or treaties of the United States.
5. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(e) because Petitioner is currently detained within this district at the Calhoun County Correctional Center, in Battle Creek, Michigan.

## Parties

6. Petitioner is a native and citizen of Nicaragua who is currently detained by U.S. Immigration and Customs Enforcement ("ICE"). (Exhibit 1).
7. Respondent Markwayne Mullin, Secretary of the Department of Homeland Security, is the federal official with ultimate authority over Petitioner's detention.
8. Respondent Robert Lynch Field Office Director for ICE, is responsible for the custody and detention of Petitioner. Respondents are sued in their official capacities only.

## Exhaustion

9. **No adequate alternative remedy.** Petitioner seeks relief from unlawful detention. There is no adequate, timely alternative remedy that can provide prompt judicial review of the legality of continued detention and categorical denial of bond eligibility.
10. **Exhaustion not required or should be excused.** To the extent exhaustion is argued, it is not jurisdictional in § 2241 detention challenges and should be excused because the issue presented is primarily legal, further administrative pursuit would be futile, and continued detention causes irreparable harm. See, e.g., McCarthy v. Madigan, 503 U.S. 140, 112 S. Ct. 1081 (1992)

(futility/irreparable harm principles); see also Sixth Circuit authority recognizing prudential exhaustion in § 2241 contexts.

**Factual Background**

11. Petitioner lawfully entered the United States on August 2, 2023 through a with a Nicaraguan Parole, and was issued an I-94 admission record, confirming lawful entry. (Exhibit 2).
12. Petitioner holds a valid employment authorization document under category C08 (pending asylum application). He was employed in construction in tvhe Detroit area (Exhibit 3).
13. On July 19, 2026, Petitioner was arrested in Inkster, Michigan, after personnel at a nightclub alleged that he had attempted to purchase a drink using counterfeit currency. Petitioner was unaware that the bill he attempted to use was allegedly counterfeit and had no knowledge or reason to believe that the currency was not valid. Upon being informed of the issue, Petitioner denied knowingly possessing or attempting to use counterfeit currency and offered to pay for the purchase using a valid payment card. During the encounter, immigration authorities were contacted, and U.S. Immigration and Customs Enforcement ("ICE") subsequently took Petitioner into immigration custody. At the time of his arrest, Petitioner possessed a valid Michigan driver's license and valid employment authorization permitting him to work lawfully in the United States.
14. Petitioner has a pending asylum claim based on his and his family's participation in opposition protests in Nicaragua. His sister and bond sponsor Angela Diomaris Centano Zeledon A201907088 is a permanent resident who won asylum based on the same opposition activities.
15. Petitioner has substantial and well-documented ties to the State of Michigan. He has established a stable residence in Ypsilanti, Michigan, and owns a vehicle registered and titled in his name at that address. Petitioner has also established a history of employment in Michigan, including employment in the construction industry, and currently has an active workers' compensation claim arising from a serious work-related injury. Beyond these economic and residential ties, Petitioner is an active member of his local community. He is a registered member of St. Mary Student Parish in Ann Arbor, where he has

participated in ESL classes and developed meaningful relationships with members of the community. Letters submitted on his behalf describe Petitioner as hardworking, honest, dedicated to his family, and committed to bettering himself and contributing to his community. These substantial residential, employment, family, religious, and community ties demonstrate that Petitioner has an established life in Michigan and a strong incentive to remain engaged in and comply with his ongoing immigration proceedings. (Exhibit 4).

16. Under these circumstances, Petitioner's continued detention violates his substantive and procedural due process rights under the Fifth Amendment.

## Legal Framework

17. **General detention authority and bond.** The INA provides for detention and release mechanisms, including custody determinations and bond in removal proceedings under INA § 236(a), 8 U.S.C. § 1226(a), for many noncitizens pending completion of proceedings.
18. **Arriving aliens and bond restrictions.** After IIRIRA, "arriving aliens" have been treated as subject to different detention rules, including restrictions on immigration judge bond jurisdiction and categorical bond ineligibility in certain contexts, often implemented through regulation and agency practice.
19. **CBP-1 entrants.** CBP-1 is a DHS-created process by which noncitizens are invited or permitted to present at ports of entry for inspection at a scheduled time. Petitioner's presence in the United States is the direct result of DHS's controlled inspection-and-admission/processing mechanism, not an evasion of inspection.

## Claims for Relief

### Count I: Unlawful detention and categorical denial of bond eligibility violates the INA as applied to CBP-1 "arriving aliens"

20. Petitioner incorporates all preceding paragraphs.
21. The government's categorical position that Petitioner is ineligible for bond solely because DHS labeled Petitioner an "arriving alien" conflicts with the

INA's structure and purpose when applied to CBP-1 entrants who presented for inspection at a port of entry pursuant to a DHS appointment system.

22. CBP-1 processing reflects DHS's exercise of discretion to permit orderly presentation and inspection. Treating such individuals as categorically bond-ineligible, without individualized consideration, is inconsistent with the INA's presumption of individualized custody determinations absent clear congressional command.
23. To the extent regulations are interpreted to strip immigration judges of bond authority for all "arriving aliens," that interpretation should not be extended to CBP-1 entrants where it would produce an irrational and arbitrary distinction between similarly situated noncitizens in § 240 proceedings, and where it would foreclose the individualized custody assessment the INA contemplates.
24. Petitioner is therefore entitled to a custody determination that includes bond as an available form of release.

**Count II: Due process violation (Fifth Amendment) from prolonged detention without an individualized bond hearing that considers bond eligibility**

25. Petitioner incorporates all preceding paragraphs.
26. Civil immigration detention must bear a reasonable relation to its purposes and must include adequate procedural safeguards.
27. Even where Congress authorizes detention, due process requires an individualized assessment of whether continued detention is justified, particularly as detention becomes prolonged.
28. A categorical rule that forecloses bond eligibility for CBP-1 "arriving aliens" denies Petitioner a meaningful opportunity to seek release based on individualized facts and imposes detention without adequate procedural protections.
29. Due process requires, at minimum, a prompt individualized custody hearing before a neutral decisionmaker at which the government must justify continued detention and the decisionmaker must have authority to order release on bond or conditions.

**Count III: Suspension Clause and habeas adequacy (U. S. Const. art. I, § 9, cl. 2)**

30. Petitioner incorporates all preceding paragraphs.
31. The Suspension Clause protects the availability of habeas corpus to test the legality of executive detention.
32. If the INA and IIRIRA-era provisions are construed to categorically bar bond consideration for CBP-1 "arriving aliens" and to preclude any meaningful judicial review of that detention, such a construction raises serious Suspension Clause concerns.
    a. This Court should construe the INA to avoid constitutional infirmity and require an individualized custody determination that includes bond as a potential remedy, or otherwise grant habeas relief to ensure a meaningful opportunity to challenge detention.

**Prayer for Relief**

WHEREFORE, Petitioner respectfully prays that this Court grant the following relief:

A. Assume jurisdiction over this habeas corpus action;
B. Issue a writ of habeas corpus ordering Respondents to:
    - Release Petitioner immediately on his own recognizance, or
    - Release Petitioner on humanitarian parole, or
    - In the alternative, require Respondents to provide Petitioner with a custody redetermination hearing under 8 U.S.C. § 1226(a) within seven (7) days, before an Immigration Judge with authority to set bond;
C. Enjoin Respondents from transferring Petitioner outside the jurisdiction of this Court during the pendency of these proceedings;
D. Award Petitioner reasonable fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, or any other basis justified under law;
E. Grant any further relief that the Court deems just and proper.

Dated: August 20, 2026

Respectfully submitted,

Kevin J. Piecuch (P61592)
Southwest Detroit Immigrant and Refugee
Center Detroit, MI 48236
(248) 752-6610
kevin@detimmigrantcenter.com

*Attorney for Petitioner*